UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Lillie Williams
30 MARNe Rd
Buffalo, NY 14215
_____
Name(s) of Plaintiff or Plaintiffs

-VS-

Buffalo Psychiatric Center
400 Forest Ave
Buffalo, NY 14213
_____
Name of Defendant or Defendants

Revised 07/07 WDNY

FILED
MAR 13 2017

Jury Trial Demanded: Yes ___ No ✓

**DISCRIMINATION COMPLAINT**

-CV-
17 - CV 223 ✓

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND** a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

**Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

✓    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

> NOTE: In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).

> NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

> NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.    My address is: _30 MARNe Rd_
_Buffalo, NY 14215_

My telephone number is: _(716) 480-5566_

2.    The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: _Buffalo Psychiatric Center_

Number of employees: _350_

Address: _400 Forest Ave_
_Buffalo, NY 14213_

3.    (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked.  (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: _____

Address: _____

## CLAIMS

4.    I was first employed by the defendant on (date): _December 2007_

2

5.    As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
_____Jan 2012_____

6.    As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): I filed in house complaint on 3|13 with Gladys Dye 1|14 + with Albany Marisol Rodriguez completed the investigation 11|21|13 my BPC credit card was taken after I filed a complaint that my Administrator didn't provide me what I needed to do my job. During Arbitration my immediate supervisor wasn't

7.    I believe that the defendant(s) asked to attend eventhough he signed all my credit card purchases. 6|18|2014. I filed a State

      a. _____    Are still committing these acts against me. Division of Complaint Discrimination
      b. _____    Are not still committing these acts against me. 10|21|16 I filed a complaint with
(Complete this next item only if you checked "b" above)  The last discriminatory act Federal Gov't
against me occurred on (date) I haven't worked at BPC since  EEOC  6|1|2015
_____                                        2013           I filed discrimination Division of Right EEOC Down Town

8.    (Complete this section only if you filed a complaint with the New York State Division of Human Rights)

      The date when I filed a complaint with the New York State Division of Human Rights is
      _____6|5|2014 During my aRbitration_____
      _ (estimate the date, if necessary)

      I filed that complaint in (identify the city and state): Buffalo New York
      _____

      The Complaint Number was: _____10175449_____

9.    The New York State Human Rights Commission did _____yes_____ /did not _____
      issue a decision. (NOTE: If it did issue a decision, you must attach one copy of the
      decision to each copy of the complaint; failure to do so will delay the initiation of your
      case.)

10.   The date (if necessary, estimate the date as accurately as possible) I filed charges with the
      Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged
      discriminatory conduct is: 1st filed in house EEOC with Gladys Dye 3/13 then filed to Albany 1|14 while on administrative leave after which while I was in Arbitration I filed with Down Town EEOC

11.   The Equal Employment Opportunity Commission did _____ /did not _____ 6|1|15
      _____ issue a decision. (NOTE: If it did issue a decision, you must attach one I filed
      copy of the decision to each copy of the complaint; failure to do so will delay the Division of Human
      initiation of your case.) Right

12.   The Equal Employment Opportunity Commission issued the attached Notice of Right to
      Sue letter which I received on: _____December 17 2016 (NOTE: If it

3

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13.   I am complaining in this action of the following types of actions by the defendants:

a. _____    Failure to provide me with reasonable accommodations to the application process

b. _____    Failure to employ me

c. ___✓___    Termination of my employment

d. _____    Failure to promote me

e. ___✓___    Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. _____    Harassment on the basis of my sex

g. ___✓___    Harassment on the basis of unequal terms and conditions of my employment

h. ___✓___    Retaliation because I complained about discrimination or harassment directed toward me

i. _____    Retaliation because I complained about discrimination or harassment directed toward others

j. ___✓___    Other actions (please describe) My supervisor William Nemeth signed all my credit card purchases yet he wasn't interrogated or asked to attend any of the arbitration hearings

14.   Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. ___✓___ Race

b. ___✓___ Color

c. _____ Sex

d. _____ Religion

e. _____ National Origin

f. _____ Sexual Harassment

g. _____ Age
_____ Date of birth

h. ____ Disability
Are you incorrectly perceived as being disabled by your employer?
____ yes ____ no

15.   I believe that I was ___✓___/was not _____ **intentionally** discriminated against by the defendant(s).

4

16. I believe that the defendant(s) is/are _____ is not/are not _✓_ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _____ and why the defendant(s) stopped committing these acts against you: _I was terminated_____

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE:** You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission (check one):
    _____ has **not** issued a Right to sue letter
    _✓_ has issued a Right to sue letter, which I received on __Dec 17 2016__

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)* Arbitrator wasn't present with par war face evidence only Hear Say ! -Typed statements )
(Please Read the Attached Statements )
* The attorney who Represented me in my arbitration was paid through my union. Name - Michael Grace Law firm Trevett and Cristo. He has All of my evidence and testimonials of my witnesses. The arbitrator Kept this hearing long because the arbitrator Kept going on vacation to Florida during my hearing. My immediate supervisor was Never Subpoenad to the hearing and he signed off on my visa card procurement logs All of them. Also the arbitrator in his conclusion wrote a statement and the Accuser Sherri Carrio never showed up to my hearing to be Cross Examined or Questioned. The arbitrator took a sentence of Sherrio Carrio statement and wrote it in his conclusion This violated my Rights as well.

**FOR LITIGANTS ALLEGING AGE DISCRIMINATION**

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed    _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on _____

5

Lillie Williams
30 Marne Rd
Buffalo, NY 14215
Charge #
525-201600834

## Facts

1. Plaintiff was first hired by Buffalo Psychiatric Center (hereinafter BPC) as a residential counselor in 2007 with a salary of $45,000 per year. After 3 years, Plaintiff was given the temporary position of a residential Program Manager (hereinafter RPM) in 2010. Thereafter Plaintiff took the RPM exam and passed. Plaintiff was offered and accepted the permanent position of RPM, II in 2013. While employed as a Program Manager (hereinafter, PM), for the Buffalo Psychiatric Center(hereinafter, BPC), Plaintiff supervised a 101 bed outpatient facility for the mentally ill. Plaintiff supervised one of the multi-unit facilities for the mentally ill at the facility known as Residential Care Center for Adults. ( hereinafter referred to as RCCA) There were ____other facilities on the campus. Each facility had a Program Manager II, and a Program Manger III (hereinafter referred to as PM). All PMs were Caucasian. Plaintiff was the only Black PM of the _____ PMs.

2. In or around _____, _____, Plaintiff's immediate supervisor William Nemetti, who was a PM 3, issued a Transformation Plan developed by him and his supervisor, Nancy Johnson(both white) This plan was developed to move RCCA's long term out patient expeditiously out of the BPC grounds facility (RCCA)into the community's restrictive setting/environment/living arrangements, such as rooming housing, family homes, smaller group homes, or their own apartments. The transformation Plan was designed to assist the residents in their transition to mainstreaming in the surrounding communities. PMs prepared residents for the new experience of living independently. PMs tailored the broader goals of transformation plan to meet the individual needs of each resident. For example some residents needed to develop cleanliness habits, most needed money management training, since most never paid their own expenses. As part of moving out r _____ an independent framework under the transformation plan, this category of outpatients were given more autonomy, (i.e., freedom to move about independently in the community, shop for themselves, utilize their resources with limited supervision) than the in-patient population residents. This was all done with the professional view that the grant of this autonomy would effectuate a successful transition for the residents.

3. Plaintiff responsibility was to carry out a service plan for residents under Plaintiff's caseload. Although Plaintiff was a program manager, Plaintiff had a caseload due to staff shortage and was conducting the responsibilities of a case manager and Program manager. As part of a transformation plan,(exhibit___) long stay residents were mandated by the administration to move out of the facility.

4. A list of long stay residents was generated by the top administrators and provided to all program managers to better assist them to identify those residents who were the primary candidates for the transformation plan. (See Exhibit___).

5. Plaintiff's facility, Residential Care Center for Adults(i.             RCCA) facility of BPC. Each residential facility had its own recovery focus for this transformation plan. The 3

(1)

Charge # 525-201600834

top directors of RCCA devised a recovery plan to meet the requirements of the transformation effort to transition residents into the community.

6. Plaintiff identified potential housing, scheduled housing interviews, transported residents on housing tours, and approved withdrawals by residents of their own funds (SSI OR SSD, SS, Railroad Survivor's Benefits) from their accounts helping them with financial management skills in making necessary purchases toward transition. Residents would purchase household items necessary for living on their own, (including but not limited to personal items, such as hygienic, clothing, etc.

7. Plaintiff as a Social Worker 2/Program Manager according to Facility policy could approve when required by the need of the resident an amount up to $999.00. Any amount over this would require the approval of the Director or Deputy Director of RCCA. (see Exhibit____)

8. State Credit Card were issued to each PM to facilitate the goals of the transformation Plan...that it to move residents to independent living settings. Those residents whose personal funds were limited were qualified to buy items approved for State Credit card purchases. To qualify for State Credit care purchases, the residents could not have over $600.00 amount in their personal account at the facility.

9. Plaintiff did not have the sole authority to approve credit card purchases. These type purchases had to be approved by Plaintiff's immediate supervisor who was titled Program Director 3. That supervisor was William Nimetti.

10. In addition, credit card purchases over 300 in a six month period had to be approved by program manager 3. Due to the transformation plan, many of the residents were moving out into the community and therefore required additional funds out of their accounts. The State credit card was utilized to supplement their immediate needs to facilitate the transformation move into the community, whether those needs were clothing, furniture, personal hygiene items, underwear, etc.

11. Plaintiff at no time authorized the use of residents' personal funds in the absence of approval of her immediate supervisor. (see Exhibit____). Any amount over $999.00 required supervisor's signature. Plaintiff never signed off on a withdrawal slip over the set limit of $999.00 per day.

12. There was no policy in place which would limit the amount of funds withdrawn by residents on any one given day,so long as the withdrawal did not rise above $999.00 Residents could withdraw money everyday and more than once a day for personal, social recreational and for purposes of implementing the transformation plan. Plaintiff's supervisor who was Caucasian at no time was personally reprimanded for allowing Plaintiff to spend either from the State Credit card fund or for authorizing residents to withdraw funds from their own personal accounts.

13. Instead Plaintiff's immediate supervisor was contacted by the business office after approving a year of withdrawals, and state credit card purchases by Plaintiff. (Ex__), informingPlaintiff's supervisor that there was an overspending for one particular resident. The procurement log evidencing the amount and reason for this particular

( 2 )

purchases was signed by Plaintiff's immediate supervisor,(William Nimetti).   Plaintiff's supervisor at no time reprimanded Plaintiff for overspending.

14. The Business Office never apprised Plaintiff or her supervisor prior to the Plaintiff's administrative leave 12/16/2013, which was based on allegations by the business Office director,  Thomas Dobson that Plaintiff had misappropriated monies.

15. When the Transformation Plan was implemented, it was expected that  increased spending on and by transitioning residents would occur because of the nature of the transition from dependent to independent living.

16. All program manager had the same responsibility to their caseload, all had the authority to request withdrawals and credit card expenditures, provided that their immediate supervisors approved the request.

### Count I

17. Every PM had a state credit card.  Plaintiff was officially hired into the position of PM in January 2013.  On account of Plaintiff  race Plaintiff received disparate treatment in that she was not given a State Credit card when she accepted the position of PMII.  All other white PMs had State Credit Card, and even some white counselors had credit card.  Plaintiff was the only PM who had to file a Complaint to obtain a State Credit Card to carry out her responsibilities as a PM II.

18. On account of Plaintiff's race  Plaintiff, a black woman, was the only program manager singled out to be audited for spending, even though Plaintiff never received any reprimand or warning from her immediate supervisor or her supervisor's . Plaintff's supervisor, a Caucasian man, had the final authority to approve resident withdrawals submitted by Plaintff.  Plaintiff at no time, unilaterally approved any resident spending or unilaterally used state credit card for spending on resident without prior approval by her immediate supervisor

### Count 2

Plaintiff was treated disparately when her white supervisor and other white PMs were never  reprimanded or singled out and audited on spending that was approved by a supervisor.  Plaintiff on account of her race was the only one singled out and placed on administrative leave for pending investigation of Plaintiff's spending.

### Count 3

Plaintiff in 2011  was asked to assist in bringing another white female  PM up to date with her case load.  This required Plaintiff to work increased hours of overtime.  Other employees also worked overtime.  Plaintiff was the only black who was singled out for making too much overtime and her hours were decreased.

(3)

Charge#
525-2016-00834

### Count 4
### Count 4

Plaintiff never received a negative performance evaluation by her immediate supervisor, yet Plaintiff was singled out to be evaluated by Nancy Johnson, who was the immediate supervisor of Plaintiff's supervisor. Plaintiff was the only PM to be singled out to be evaluated by someone other than her immediate supervisor.

### Count 5

Plaintiff became the only target of a hostile work environment, and abusive humiliating language directed toward the Plaintiff on account of her race by her supervisor's supervisor who took over the evaluation of Plaintiff from Plaintiff's immediate supervisor and who initiated the investigation of plaintiff for over spending on residents and getting too much overtime.

### Count 6
On account of Plaintiff's race , supervisor Nacy Johnson, began a campaign of retaliation against the Plaintiff, because Plaintiff filed a "work place violence" complaint against Nancy Johnson.

(4)

22. The date on which I first asked my employer for reasonable accommodation of my disability is _____

_____

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _____

_____

_____

____

24. The reasonable accommodation provided to me by my employer were _____/were not _____ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: *3-13-17*            *Lillie Williams* _____

                                    Plaintiff's Signature



**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>LILLIE M. WILLIAMS,<br><br>                                 Complainant,<br><br>v.<br><br>NEW YORK STATE, OFFICE OF MENTAL HEALTH, BUFFALO PSYCHIATRIC CENTER,<br>                                 Respondent. | DETERMINATION AND ORDER AFTER INVESTIGATION<br><br>Case No.<br>10175449 |

On 6/1/2015, Lillie M. Williams filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:
The Division's rules of practice (9 NYCRR §465.6 (b)) empower the Division Regional Director with the assistance of staff to conduct investigations "by field visit, written or oral inquiry, conference, or any other method or combination thereof deemed suitable in the discretion of the regional director." In the instant case, we used the investigatory techniques of written and oral inquiry. After investigation, there is no evidence to establish that the complainant was treated in a disparate manner or suspended based on her race and color. The record shows that complainant was placed on administrative leave and then suspended on 6/5/14 pending investigation, for questionable spending using the respondent's credit card assigned to her. There is no evidence that this was related to her prior internal complaints against Nancy Johnson. The record shows that Complainant did not pursue an EEOC charge until after 6/20/14 (after her suspension), and thus her suspension could not have been in retaliation for that charge. Complainant provided copies of internal complaints dated 3/13/13 and 3/27/13. Although she checked race, as well as various other bases, the complaints do not reference any issues of race

discrimination; they do reflect that Complainant was not happy about the way Nancy Johnson treated her. In total, 8 credit cards assigned to the residence managed by complainant's supervisor, Mr. William Nemetti (who is white) were placed on hold. There is no evidence of other questionable purchases before or after this incident by any other Program Manager. The record shows Mr. Nemeti was counseled on 11/25/13 regarding his performance, including credit card purchases and overtime, and he signed this document on 12/04/13. The record indicates Mr. Nemeti retired during the period ending 3/04/15; the last time he reported to work was for the week ending 4/2/14; two months prior to complainant's suspension. The record reflects complainant's disciplinary action is still being resolved through the union's intervention (arbitration-to determine if complainant should be terminated). Complainant provided no evidence to show that she was treated differently because of her race or color. The record does not show that complainant was subjected to differential treatment or was disciplined, because of her race and color or in retaliation for filing an internal or EEOC discrimination complaint.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Dated:    November 4, 2015
          Buffalo, New York

STATE DIVISION OF HUMAN RIGHTS

By:    _____
       Tasha E. Moore
       Regional Director

- 2 -

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

LILLIE M. WILLIAMS,
Complainant,

v.

NEW YORK STATE, OFFICE OF MENTAL
HEALTH, BUFFALO PSYCHIATRIC CENTER,
Respondent.

AFFIDAVIT OF SERVICE

Case No.
10175449

---

STATE OF NEW YORK    )
                     )   SS:
COUNTY OF ERIE       )

Holly M. Korzen, being duly sworn, deposes and says, that he/she is over the age of 18 years; that he/she is employed by the New York State Division of Human Rights; that on November 4, 2015, he/she served the within DETERMINATION upon:

Complainant
Lillie M. Williams
30 Marne Road
Buffalo, NY 14215

Respondent
New York State, Office of Mental Health, Buffalo Psychiatric Center
Attn: Alan Sunukjian, Assisant Counsel
44 Holland Avenue
Albany, NY 12229

Respondent Secondary Address
New York State, Office of Mental Health, Buffalo Psychiatric Center
Attn: Vickie Eudell, Affirmative Action Administrator
400 Forest Ave.
Buffalo, NY 14213

- 2 -

by personally placing true copies of the same, securely enclosed in postpaid wrappers in the post office box/depository under the exclusive care and custody of the United States Postal Service at 65 Court Street, Buffalo, New York.

Dated: November 4, 2015
Buffalo, New York

_Holly M. Kouzen_
Holly M. Kouzen
Secretary I

Sworn before me this
4th day of November, 2015

_Celeake_
Notary Public

ELIZABETH E. LAKE
Notary Public - State of New York
No. 01LA6187026
Qualified in Erie County
Commission Expires on May 12, 2016



**NEW YORK STATE OF OPPORTUNITY.** | **Office of Mental Health**

ANDREW M. CUOMO
Governor

ANN MARIE T. SULLIVAN, M.D.
Commissioner

MARTHA SCHAEFER
Executive Deputy Commissioner

February 6, 2017

Ms. Lillie Williams
30 Marne Road
Cheektowaga, NY 14215

Dear Ms. Williams:

Buffalo New York Psychiatric Center, Office of Diversity Planning and Compliance has investigated the complaint of discrimination alleging race, sexual orientation, retaliation and color which you filed on July 22, 2014. Based on this investigation, the agency has:

        X Dismissed this complaint

        ☐ Referred this matter for appropriate administrative action

        ☐ Referred this matter to personnel for other reasons

For further action, clarification of this determination, please contact TeNeathia Wesolowski at 518-473-4144 or TeNeathia.Wesolowski@omh.ny.gov. You may also file a complaint with the NYS Division of Human Rights or the United States Equal Opportunity Commission.

Sincerely,

TeNeathia Wesolowski
Director of Diversity Management

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Lillie M. Williams**
     **30 Marne Rd**
     **Buffalo, NY 14215**

From:  **Buffalo Local Office**
       **6 Fountain Plaza**
       **Suite 350**
       **Buffalo, NY 14202**

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2016-00834 | **Beth Anne Breneman,** **Investigator Support Assistant** | **(716) 551-4444** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_John E. Thompson,_
**John E. Thompson,**
**Local Office Director**

DEC 1 4 2016

(Date Mailed)

Enclosures(s)

cc:  **Emy Murphy**
     **Chief Diversity Officer**
     **NYS OFFICE OF MENTAL HEALTH**
     **44 Holland Avenue**
     **Albany, NY 12229**

**Terry McKelvey**
**ATTORNEY & COUNSELOR AT LAW**
**181 Franklin Street, Suite 101**
**Buffalo, NY 14202**



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>LILLIE M. WILLIAMS,<br><br>Complainant,<br><br>v.<br><br>NEW YORK STATE, OFFICE OF MENTAL HEALTH, BUFFALO PSYCHIATRIC CENTER,<br>Respondent. | VERIFIED COMPLAINT<br>Pursuant to Executive Law,<br>Article 15<br><br>Case No.<br>**10175449** |

I, Lillie M. Williams, residing at 30 Marne Road, Buffalo, NY, 14215, charge the above named respondent, whose address is 44 Holland Avenue, Albany, NY, 12229 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color, opposed discrimination/retaliation.

Date most recent or continuing discrimination took place is 6/5/2014.

The allegations are:

1.    I am African American and I filed an internal complaint of racial discrimination against supervisor Nancy Johnson in or around January 2013 and a complaint of discrimination with the United States Equal Employment Opportunity Commission in June 2014. Because of this, I have been subject to unlawful discriminatory actions.

2.    On or about December 2013, respondent placed me on Administrative Leave pending investigation of false allegations initiated by Nancy Johnson regarding credit card purchases I made on behalf of residents under my care using respondent credit card as well as cash slips I issued to them. I took these actions in conformance with respondent's Resident Services Transformation Mandate. I believe Ms. Johnson made these false allegations about me in order to retaliate against me for having filed the prior internal complaint against her alleging disparate treatment due to race/color, including failure to issue me a credit card. On or about 6/5/2014, following investigation of these allegations, respondent notified me I was suspended. However,

my immediate supervisor Bill Netmeti, who is Caucasian, signed off on all of my credit card purchases and he has not been put on Administrative Leave or suspended.

3.    I believe respondent subjected me to differential treatment and discipline due to my race and to retaliate against me for having filed previous complaints of discrimination.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

Lillie M. Williams

STATE OF NEW YORK   )
                    )  SS:
COUNTY OF           )

Lillie M. Williams, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

Lillie M. Williams

Subscribed and sworn to
before me this   /   day
of   June       , 20 15

Signature of Notary Public

BEVERLY A. FRESCHOLTZ
Notary Public, State of New York
No. 01FR6187237
Qualified in Erie County
My Commission Expires May 19, 2016

- 2 -



**NEW YORK STATE**
# DIVISION OF HUMAN RIGHTS
**WALTER J. MAHONEY STATE OFFICE BUILDING**
**65 COURT STREET, SUITE 506**
**BUFFALO, NEW YORK 14202**

**(716) 847-7632**
**Fax: (716) 847-7625**
**www.dhr.ny.gov**

ANDREW M. CUOMO
GOVERNOR

HELEN DIANE FOSTER
COMMISSIONER

June 1, 2015

Lillie M. Williams
30 Marne Road
Buffalo, NY 14215

Re:    Lillie M. Williams v. New York State, Office of Mental Health, Buffalo
       Psychiatric Center
       Case No. 10175449

Dear Lillie M. Williams:

Please be advised that this office has received your complaint.  Your filing date is
6/1/2015 .

To protect your rights, it is essential that the Division be notified promptly of any change
in your address or telephone number.  A form is enclosed for this purpose.

You will be contacted by the Human Rights Specialist assigned to your case when the
active investigation of your complaint begins.  In the meantime, if you have any questions please
call our office at (716) 847-7632.

Very truly yours,

Tasha E. Moore
Regional Director

# NYS Office of Mental Health
## Bureau of Diversity Planning and Compliance
### Complaint Form

#### Facility:

This form is to be used to file an internal claim of discrimination based on RACE, COLOR, NATIONAL ORIGIN, CREED/RELIGION, AGE, SEX/SEXUAL HARASSMENT, MARITAL/FAMILY STATUS, DISABILITY, ARREST RECORD, CRIMINAL CONVICTION(S), GENDER IDENTITY, SEXUAL ORIENTATION, PREDISPOSING GENETIC CHARACTERISTICS, MILITARY STATUS, DOMESTIC-VIOLENCE-VICTIM STATUS and/or RETALIATION.

Please submit this form to Affirmative Action Officer ("AAO")
you may find his/her contact information at

If there is no Affirmative Action Officer/Representative at your facility at the present, please send the form to:

Marisol Núñez-Rodríguez, Chief Diversity Officer
NYS Office of Mental Health
44 Holland Avenue
Albany, NY   12229
Tel: (518) 473-4144

## COMPLAINANT INFORMATION

Name: Lillie Williams

Home Address:
30 Marne Rd
Buffalo, NY 14215

Home Phone:
(716) 480-5566

Facility: Buffalo Psy Center
County: Erie
Work Location: Cudmore Heights
Bldg 6 # 4
400 Forest Ave
Buff NY 14213

Work Phone: 886-2391
Job Title: Program Manager 2
Work Schedule (hours and days of the week):
7:30am- 4:00pm.

## SUPERVISORY INFORMATION

Immediate Supervisor's Name: Bill Nemeti
Title: RPM 3
Work Phone: 816-2392
Work Address: 400 Forest Ave
Buff NY 14213

2nd Level Supervisor's Name: Nancy Johnson
Title: RPM 4
Work Phone: 816-2957
Work Address: 400 Forest Ave
Buffalo, NY 14213

## DETAILS OF CLAIM

1. Your claim of discrimination is based on: (Please check all that apply)

☒ Race                ☐ Creed /Religion     ☐ Military Status    ☐ Sex/Sexual Harassment

☐ Sexual Orientation  ☐ Retaliation         ☐ Gender Identity    ☐ National Origin

☐ Criminal Conviction ☐ Age                 ☐ Disability         ☐ Domestic-Violence-Victim Status

☐ Marital/Family Status ☒ Color             ☐ Arrest Record      ☐ Predisposing Genetic Characteristics

2. Your claim of discrimination is made against: Dr Ceila Spacone and Nancy Johnson

Name:

Title:

Relationship to you:    ☒ Supervisor          ☐ Subordinate

                        ☐ Co-Worker           ☐ Other

Work Address:

Work Phone:

3. Date(s) discrimination occurred: Discrimination Started March 2012. Discrimination has occurred on a consistent basis. Currently I am being Retailiated agaenst because of the color of my skin, I am a female, I have worked Numerous of overtime hrs which BPC is very offended that I have worked these hr. Rumor Meals has gone out against me.

Is the discrimination continuing? Currently, I am suspended with no pay. [X] Yes [ ] No I am being accused of all type of False accusations at the Buffalo Psychiatric Center. Currently I am suspended with NO pay, due to Fling Dicrimination.

4. Please describe briefly the alleged discriminatory conduct and your reasons for concluding that the conduct was discriminatory. Please include the names of witnesses, if any, and attach supporting data, if available. Please use additional sheets of paper, if necessary.

I am being falsly accussed of taking money from clients and Falsifying documentation with BPC credit cards. The State Knows that I wasn't the only persons Handeleng the credit card purchases other staff MHTTAs were Handeleng the credit card items. The PNA monies, Most of the clients at RCCA doesn't hand in Receipts after they spend their PNA monies. Moreover, when they spend money inside the pop machines, snack machines there's NO way Receipts will be Returned. Accusations are being made against me (False Accusations) I would never steal From Any clients. These clients whom we spent money on had a great number

5.A. Have you filed a claim regarding this complaint with a federal, state or local government agency? of needs. Staffing Ratio to clients are not suitable; infact staff spends a great deal of time at medical escorts which hinders them from shopping for clients

[X] Yes        [ ] No

B. Have you instituted a legal suit or court action regarding this complaint? therefore, sporadically I would shop for Residence due to short staffing.

[X] Yes        [ ] No

C. Have you hired an attorney with respect to the allegations in the complaint?

[X] Yes        [ ] No

6. This complaint form was completed by:

[ ] AAO        [X] Complainant

Date:

# NYS Office of Mental Health
## Bureau of Diversity Planning and Compliance
### Complaint Form

**Facility:**

This form is to be used to file an internal claim of discrimination based on RACE, COLOR, NATIONAL ORIGIN, CREED/RELIGION, AGE, SEX/SEXUAL HARASSMENT, MARITAL/FAMILY STATUS, DISABILITY, ARREST RECORD, CRIMINAL CONVICTION(S), GENDER IDENTITY, SEXUAL ORIENTATION, PREDISPOSING GENETIC CHARACTERISTICS, MILITARY STATUS, DOMESTIC-VIOLENCE-VICTIM STATUS and/or RETALIATION.

Please submit this form to Affirmative Action Officer ("AAO")                    ;
you may find his/her contact information at

If there is no Affirmative Action Officer/Representative at your facility at the present, please send the form to:

Marisol Núñez-Rodríguez,  Chief Diversity Officer
NYS Office of Mental Health
44 Holland Avenue
Albany, NY   12229
Tel: (518) 473-4144

## COMPLAINANT INFORMATION

Name: Lillie Williams

Home Address:
30 Marne Rd
Cheektowaga NY 14215

Facility: BP.C

County: Erie

Work Location: RCC A

Home Phone:
480-5566

Work Phone: 816-2391
Job Title: RPm 2
Work Schedule (hours and days of the week):
7:30am-4:00pm

## SUPERVISORY INFORMATION

Immediate Supervisor's Name: Bill Nemeti
Title: RPM 3
Work Phone: 816-2392 400
Work Address: Forest Ave 400
Buff NY 14213

2nd Level Supervisor's Name: Donna Leppowitz
Title: RPM 3
Work Phone: 816-2392
Work Address: 400 Forest Av
Buff NY 14213

## DETAILS OF CLAIM

1. Your claim of discrimination is based on: (Please check all that apply)

☒ Race          ☐ Creed /Religion      ☐ Military Status      ☐ Sex/Sexual Harassment
☒ Sexual Orientation   ☒ Retaliation      ☐ Gender Identity      ☐ National Origin
☐ Criminal Conviction   ☐ Age         ☐ Disability       ☐ Domestic-Violence-Victim Status
☐ Marital/Family Status  ☒ Color       ☐ Arrest Record      ☐ Predisposing Genetic Characteristics

2. Your claim of discrimination is made against:

Name: Nancy Johnson And Dr ceila Spacone
Title: RPM 4 and Director of Residential
Relationship to you:   ☐ Supervisor      ☐ Subordinate
                       ☐ Co-Worker      ☐ Other
Work Address:
400 Forest Av
Buffalo, NY 14213

Work Phone:

3. Date(s) discrimination occurred: ON Going and Continual

Most Recently, I requested a copy of my T & A, and the time sheet read that 35 hrs of accurals were taken away from me. The interesting piece is one of the dates subtrated, I was on administrative leave. Susan Brewster had Restored the hours back yet Racheal Combs wrote my a letter stating 2 days I didn't work. I find that

Is the discrimination continuing?   ☒ Yes        ○ No to be untrue and incorrect. I Always have my supervisor check my time sheet before I submit.

4. Please describe briefly the alleged discriminatory conduct and your reasons for concluding that the conduct was discriminatory. Please include the names of witnesses, if any, and attach supporting data, if available. Please use additional sheets of paper, if necessary.

I was suspended with no pay / Have to use my accurals. Due to the Directors Administrators of BPC, thoughts/suspicious Paranoid thoughts that ARE Accusing me of taking money from a client and using the BPC credit card for personal use. Please Read Attachment

5.A. Have you filed a claim regarding this complaint with a federal, state or local government agency?

☒ Yes        ○ No

B. Have you instituted a legal suit or court action regarding this complaint?

☒ Yes        ○ No

C. Have you hired an attorney with respect to the allegations in the complaint?

☒ Yes        ○ No

6. This complaint form was completed by:

○ AAO        ☒ Complainant

Date: 7/14/14



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>LILLIE M. WILLIAMS,<br><br>Complainant,<br><br>v.<br><br>NEW YORK STATE, OFFICE OF MENTAL HEALTH, BUFFALO PSYCHIATRIC CENTER,<br><br>Respondent. | VERIFIED COMPLAINT<br>Pursuant to Executive Law,<br>Article 15<br><br>Case No.<br>**10175449** |

I, Lillie M. Williams, residing at 30 Marne Road, Buffalo, NY, 14215, charge the above named respondent, whose address is 44 Holland Avenue, Albany, NY, 12229 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color, opposed discrimination/retaliation.

Date most recent or continuing discrimination took place is 6/5/2014.

The allegations are:

1.    I am African American and I filed an internal complaint of racial discrimination against supervisor Nancy Johnson in or around January 2013 and a complaint of discrimination with the United States Equal Employment Opportunity Commission in June 2014. Because of this, I have been subject to unlawful discriminatory actions.

2.    On or about December 2013, respondent placed me on Administrative Leave pending investigation of false allegations initiated by Nancy Johnson regarding credit card purchases I made on behalf of residents under my care using respondent credit card as well as cash slips I issued to them. I took these actions in conformance with respondent's Resident Services Transformation Mandate. I believe Ms. Johnson made these false allegations about me in order to retaliate against me for having filed the prior internal complaint against her alleging disparate treatment due to race/color, including failure to issue me a credit card. On or about 6/5/2014, following investigation of these allegations, respondent notified me I was suspended. However,

my immediate supervisor Bill Netmeti, who is Caucasian, signed off on all of my credit card purchases and he has not been put on Administrative Leave or suspended.

3.    I believe respondent subjected me to differential treatment and discipline due to my race and to retaliate against me for having filed previous complaints of discrimination.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

Lillie M. Williams

STATE OF NEW YORK  )
                   )  SS:
COUNTY OF          )

Lillie M. Williams, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

Lillie M. Williams

Subscribed and sworn to
before me this  /  day
of  June        , 20 15

Signature of Notary Public

BEVERLY A. FRESCHOLTZ
Notary Public, State of New York
No. 01FR6187237
Qualified in Erie County
My Commission Expires May 19, 2016

- 2 -



**NEW YORK STATE**
# DIVISION OF HUMAN RIGHTS
WALTER J. MAHONEY STATE OFFICE BUILDING
65 COURT STREET, SUITE 506
BUFFALO, NEW YORK 14202

**(716) 847-7632**
**Fax: (716) 847-7625**
**www.dhr.ny.gov**

ANDREW M. CUOMO
GOVERNOR

HELEN DIANE FOSTER
COMMISSIONER

June 1, 2015

Lillie M. Williams
30 Marne Road
Buffalo, NY 14215

Re:   Lillie M. Williams v. New York State, Office of Mental Health, Buffalo
Psychiatric Center
Case No. 10175449

Dear Lillie M. Williams:

Please be advised that this office has received your complaint.  Your filing date is
6/1/2015 .

To protect your rights, it is essential that the Division be notified promptly of any change
in your address or telephone number.  A form is enclosed for this purpose.

You will be contacted by the Human Rights Specialist assigned to your case when the
active investigation of your complaint begins.  In the meantime, if you have any questions please
call our office at (716) 847-7632.

Very truly yours,

Tasha E. Moore
Regional Director



**U.S. Equal Employment Opportunity Commission**
**Buffalo Local Office**

6 Fountain Plaza
Suite 350
Buffalo, NY 14202
(716) 551-4442
TTY (716) 551-5923
Fax: (716) 551-4387

Respondent: BUFFALO PSYCHIATRIC CENTER
EEOC Charge No.: 525-2016-00834 (corrected)
FEPA Charge No.:

October 21, 2016

Lillie M. Williams
30 Marne Rd
Buffalo, NY 14215

Dear Ms. Williams:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ X ]   Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]   The Age Discrimination in Employment Act (ADEA)

[ ]   The Americans with Disabilities Act (ADA)

[ ]   The Equal Pay Act (EPA)

[ ]   The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

(1) Review the enclosed charge form and make corrections.

(2) Sign and date the charge in the bottom right hand block where I have made an "X". For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

(3) Return the signed charge to this office.

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court. Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to New York State Division Of Human Rights Federal Contract Unit One Fordham Plaza, 4 Fl. Bronx, NY 10458 as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Beth Anne Breneman
Investigator Support Assistant
(716) 551-4444

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."

cc: Terence D. McKelvey
    Attorney & Counselor at Law
    181 Franklin Street, Suite 101
    Buffalo, NY 14202

*my copy I mailed originals on 10/27/16*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 525-2016-00834 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Lillie M. Williams** | **(716) 480-5566** | **05-06-1972** |

| Street Address | City, State and ZIP Code |
|---|---|
| **30 Marne Rd, Buffalo, NY 14215** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **BUFFALO PSYCHIATRIC CENTER** | **500 or More** | **(716) 885-2261** |

| Street Address | City, State and ZIP Code |
|---|---|
| **Outpatient Unit, Cudmore Heights, Buffalo, NY 14213** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-30-2016**    Latest **04-30-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I have worked for the Respondent since 2007. My last position was Residential Program Manager.

On or about December 16, 2013, I was put on paid administrative leave. The Respondent falsely accused me of credit card abuse because it believed I had mishandled patient monies. Other individuals who requested patient funds were not scrutinized as I was. I believe I was targeted because my white supervisor, Bill Nemeti, authorized significant overtime for me in 2012 without proper authorization from his superior.

On or about June 12, 2014 I filed a charge of discrimination. In case No. 846-2014-11217 Lillie Williams v. Buffalo Psychiatric Center I protested racial discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT *Lillie Williams* |
| 10-27-16       *Lillie Williams* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  CHRISTOPHER W. GRAY  10-27-16 |
| Date             Charging Party Signature | (*month, day, year*)  Lic. #01GR5011902  Notary Public-State of New York  Qualified in Erie County  My Commission Expires 06/15/20__ |

OC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2016-00834 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

On or about April 30, 2016 I was terminated.

I believe was singled out, targeted, retaliated against, and ultimately terminated because of my race/black in willful violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

10-27-16

Date

*Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 10-27-16

(month, day, year)

CHRISTOPHER W GRAY
Lic. #01GR5011902
Notary Public-State of New York
Qualified in Erie County
My Commission Expires 06/15/2017

# DISCRIMINATION COMPLAINT FORM

| | Agency Use Only |
|---|---|
| This form is to be used to file an internal claim of discrimination based on RACE, COLOR, NATIONAL ORIGIN, CREED, AGE, SEX , *(including sexual harassment)* MARITAL STATUS, FAMILIAL STATUS, DISABILITY STATUS, RELIGION, ARREST RECORD, CONVICTION RECORD, SEXUAL ORIENTATION, VIETNAM VETERAN & MILITARY STATUS, DOMESTIC VIOLENCE, AND RETALIATION | Date Rec'd. _____<br><br>Ack'd. On _____<br><br>Anticipated<br>Completion Date _____ |

**THIS FORM MUST BE FILED BY THE CLAIMANT WITH
THE AGENCY AFFIRMATIVE ACTION OFFICE, OR BUREAU OF DIVERSITY PLANNING & COMPLIANCE
IF NO AA OFFICER IS AVAILABLE AT YOUR WORKPLACE.**

## PERSONAL PRIVACY PROTECTION LAW NOTIFICATION

### Claim of Discrimination

The information which you are providing on this form will be used for the principal purpose of internal agency review of your claim of discrimination. The provision of this information is entirely voluntary on your part, and this complaint resolution procedure is made available to you under Executive Order 19 and this agency's Affirmative Action Plan as required by Executive Order 6. This information will be used in accordance with Section 96 (1) of the Personal Privacy Protection Law, particularly subdivisions (b), (e) and (f). Your failure to provide this information may hinder or prevent this agency from resolving your complaint. This information will be maintained by the Affirmative Action Officer or Bureau of Diversity Planning & Compliance staff if an AA Officer is not available at your work place.

| | |
|---|---|
| Agency Name: | For further information  contact: |
| Address: | Name: |
| City: | Title: |
| Zip: | Phone: |

## I. PERSONAL INFORMATION ON COMPLAINANT

| | |
|---|---|
| Name: Lillie Williams | Region/Facility: Buffalo Psy Center |
| Home Address:<br>       30 Marne Rd Buffalo, NY | Work Address:<br>       Cudmore Heights 400 Forest Ave Buffalo, |
| | |
| Zip CODE   14215 | Zip CODE   14213 |
| Home Phone:<br>       Area Code 716    / 480-5566 | Work Phone:<br>       Area code 716    / 816-2391 |
| Job Title:<br>       Residential Program Manager | Work Schedule<br>       HOURS 7.5 _____ DAYS _____ |
| Date of Service: | |

## II. SUPERVISORY INFORMATION

| | |
|---|---|
| Immediate Supervisor's Name:<br>Williams Nemeti | 2nd Level Supervisor's Name:<br>Nancy Johnson |
| Title:<br>Residential Program Manager III | Title:<br>Residential Program Director |
| Work Address: Cudmore Heights 400 Forest Ave | Work Address: Butler Clinic 400 Forest Ave |
| | |
| Zip CODE 14213 | Zip CODE 14213 |
| Work Phone:<br>Area Code 716 / 816-2392 | Work Phone:<br>Area Code _____ / _____ |

## III. DETAILS OF CLAIM

1a. Claim of discrimination is based on: *(Check one or more that apply)*

| | | |
|---|---|---|
| ☑ RACE/COLOR | ☐ FAMILIAL STATUS | ☐ ARREST RECORD |
| ☐ NATIONAL ORIGIN | ☐ MARITAL STATUS | ☐ CONVICTION RECORD |
| ☐ CREED/RELIGION | ☐ GENETIC INFORMATION | ☐ SEXUAL ORIENTATION |
| ☐ AGE | ☐ RETALIATION | ☐ VIETNAM ERA VET. STATUS |
| ☐ SEX | ☐ DISABILITY | ☐ DOMESTIC VIOLENCE |

1b. Sex Discrimination Type:    ☐ GENDER    ☐ SEXUAL HARASSMENT

| | |
|---|---|
| 2. Claim of discrimination is made against:<br><br>Name: Nancy Johnson<br><br>Title: Residential Program Director<br><br>Supervisor:<br><br>Work Address: Butler Clinic<br><br>Zip CODE 14213<br><br>Work Phone:<br>Area code _____ / _____ | Relationship of this Person to Claimant:<br><br>☐ Supervisor<br><br>☐ Co-worker<br><br>☐ Subordinate<br><br>☐ Other: *(Specify)*<br><br>_____ |

3. Alleged discrimination occurred on or about:

MONTH: 03    DAY: 13    YEAR: 2013

Is the alleged discrimination continuing?    ☑ YES    ☐ NO

4. Briefly describe the alleged act of discrimination and your reasons for concluding that it was discriminatory. Include names of witnesses, if any, and attach supporting data, if available. *Use additional sheets if necessary.*

Cudmore Heights is undergoing a transformation plan in which we are working at changing alot of the normal business activities and we are aiming at making Cudmore Heights are more excellent facility. On Oct 29th 2012 Nancy Johnson held a meeting at RCCA- Cudmore Heights and begin to yell to the top of voice at all of the RCCA staff. She expressed how upset she was because we didn't show up to the transformation kick off breakfast a which was held a few weeks ago. She humilitaed everyone in the room and didn't give us an opportunity to explain why we didn't show up to the kick off breakfast. On January 31st 2013, Nancy Johnson expressed how Dr. Spacone had received a phone call from someone expressing how they had a complaint against me; however, she wouldn't go into details about what the complaint was about. Please read attachment.

| | | | |
|---|---|---|---|
| 5. A. Have you filed this claim with a federal, state or local government agency? | ☐ YES<br>☑ NO | B. Have you instituted a legal suit or court action on this claim? | ☐ YES<br>☑ NO |

## IV.   BRIEFLY DESCRIBE THE REMEDY SOUGHT IN SETTLEMENT OF THIS CLAIM

I met on 3/15/13 at 9:30am with Dr. Sacone Residential Director and Charles Siewert Human Resource Director.

## V.  AFFIRMATION

I understand that the filing of this internal claim does not prevent me from filing a claim of discrimination through judicial or administrative processes.

I understand that **within one year** from the alleged discriminatory act described in section III, question 4 above I must file a complaint with the **State Division of Human Rights** based on this claim if it relates to race, color, national origin, creed, age, sex, marital status, religion, disability, arrest record, familial status, domestic violence, predisposed genetic characteristics or retaliation if I wish to proceed under the Human Rights Law of New York State.

I understand that **within 300 days** from the alleged discriminatory act described in section III, question 4 above, I must file a charge with the **Equal Employment Opportunity Commission** based on this claim if it relates to age, race, disability, genetic information, religion, color, national origin, sex, or retaliation or the EEOC may lose jurisdiction over this matter.

*I understand that all external complaints regarding criminal conviction or record are enforceable by a

proceeding brought pursuant to article seventy eight of the civil practice law and rules and that I should speak to an attorney if I wish to pursue an external complaint of this nature.

I hereby affirm that the information contained in this claim is true and correct to the best of my knowledge, information and belief.

DATE: 3-13-13        SIGNATURE: _Kellie Williams_

Date Created; January 11, 2013

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Lillie M. Williams**
    **30 Marne Rd**
    **Buffalo, NY 14215**

From:  **Buffalo Local Office**
    **6 Fountain Plaza**
    **Suite 350**
    **Buffalo, NY 14202**

[  ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2014-11217 | **Maureen Kielt,** **Investigator** | **(716) 551-3089** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[  ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*
**John E. Thompson,**
**Local Office Director**

JUN 3 0 2014

*(Date Mailed)*

Enclosures(s)

cc:  **Buffalo Psychiatric Center**

    **Emy Murphy**
    **Chief Diversity Officer**
    **NYS OFFICE OF MENTAL HEALTH**
    **44 Holland Ave**
    **Albany, NY 12229**

BPC Workplace Violence Reporting Form

# Buffalo Psychiatric Center
## Workplace Violence Reporting Form

**Directions:** A Workplace Violence Reporting Form must be completed for each individual staff member who believes that they have been involved in a workplace violence incident. An Employee Accident Form also needs to be completed if any injuries were sustained during the reported workplace incident. Attach additional sheets, if necessary.

## SECTION A: TO BE COMPLETED BY THE COMPLAINANT

NAME: Lillie Williams   TITLE: RPM2   PHONE: 816-2391

DATE: 3/13/13   TIME: 9:50 (AM) PM   LOCATION OF THE EVENT: RCCA - Copy machine on the 1st floor   SHIFT: (CIRCLE) (DAY) EVENING NIGHT

| NAMES OF INVOLVED INDIVIDUALS: | TITLE: | (CHECK ONE) |
|---|---|---|
| Nancy Johnson | RPM IV | ☒ Victim N/A<br>☐ (Perpetrator)<br>☐ Witness |
| | TITLE: | ☐ Victim<br>☐ Perpetrator<br>☐ Witness |
| | TITLE: | ☐ Victim<br>☐ Perpetrator<br>☐ Witness |
| | TITLE: | ☐ Victim<br>☐ Perpetrator<br>☐ Witness |

**Workplace Violence** is a physical assault or act of aggressive or threatening behavior occurring where a public employee performs any work-related duty in the course of his or her employment. The described incident involved (check all that apply):

☐ An attempt or threat, whether verbal or physical, to inflict physical injury upon an employee.
☒ Any intentional display of force, which would give an employee reason to fear or expect bodily harm.
☐ Intentional and wrongful physical contact with a person without his or her consent that entails some injury.
☐ Stalking an employee with the intent of causing fear or material harm to the physical safety and health of that employee when the stalking has arisen through and in the course of employment.

DESCRIBE NATURE/EXTENT OF ANY INJURIES: Lillie is experiencing Psychological Abuse, Verbal Abuse, Disrespectful feelings because of Nancys hostility.

DESCRIBE WHAT OCCURRED AND INDICATE EVENTS THAT LED TO THE SITUATION. USE THE REVERSE SIDE OR ATTACH SHEET FOR ADDITIONAL SPACE:

On Oct 29th 2012 Nancy Johnson yelled at my self and other staff regarding not showing up to a meeting. Moreover on Feb 4th 2013, Nancy Johnson yelled at me for giving her positive accolades about the transformation plan. She state "I don't need no ones validation". On March 13th 2013. Nancy Johnson was at the copier machine on the 1st floor, and I was waiting for my copies. I gave her praise for having her secretary make a template, and she yelled at me & state "Get Out" of Here.

HOW DID THE EVENT END?
Nancy Johnson left the copier dramatically and went looking for my supervisor, I was very humiliated, disrespected and felt threatned so I immediatly called my union Rep.

| Relationship of Perpetrator to Victim: Supervisor | ☐ Co-Worker   ☒ Supervisor   ☐ Spouse/Partner   ☐ Stranger<br>☐ Visitor   ☐ Other ___ |
|---|---|

| Date/Time Appropriate Supervisor Notified: Emailed or spoken | / / : ☐ am ☐ pm<br>3-13-13 at 10:36 Am | |
| Who informed the supervisor: Lillie Williams | | Completed By: Lillie Williams RPM2 |

1

Workplace Violence Reporting Form

SECTION B: COMPLETED AS FOLLOW UP TO THE EVENT

| REPORT RECEIVED BY: _Peter Kast PhD_ | | TITLE: _Chief Psychologist_ | DATE: 3/18/13 | TIME: 3: __ ☐AM ☑PM |
|---|---|---|---|---|
| FACILITY WVPP LIAISON NOTIFIED? ☑YES ☐NO | IF YES, WHAT WAS THE DATE AND TIME THAT THE FACILITY LIAISION WAS NOTIFIED? | | DATE: 3/18/13 | TIME: 3: __ ☐AM ☑PM |
| WAS AN ACCIDENT INJURY REPORT FILED? ☐YES ☑NO | IF YES, WHAT IS THE ARS NUMBER? _____ | | IS THIS EVENT AN EMERGENCY SITUATION? ☐Yes ☑No | |

IS THIS A PRIVACY CONCERN CASE? ☐Yes  ☑No

An incident involving any of the following shall be treated confidentially as a "PRIVACY CONCERN CASE":

1- Injury or illness to an intimate body part/reproductive system or 2-resulting from a sexual assault, 3-involving a mental illness,

4-an HIV infection, 5-a needle stick or 6-any other injury or illness if the employee requests.

WHAT IMMEDIATE STEPS WERE TAKEN, OR ARE PLANNED, TO RESOLVE THIS SITUATION/PREVENT FURTHER SIMILAR OCCURANCES:

Dr Kast met with Ms Williams to review her complaint on 3/18/13. The situation described in her complaint was more related to the Respect Policy and Employee Conduct. Dr Kast informed Ms Williams that he would review her complaint w/ Dr Spacone (Ms Johnson's supervisor) for Supervisory follow-up. Ms Williams was agreeable to this. Dr Kast met w/ Dr Spacone on 3/21/13 to review Ms Williams complaint. Dr Spacone indicated she would follow-up w/ Ms Johnson.

| FOLLOW UP PROVIDED TO THE COMPLAINANT: | DATE: 3/18/13 | TIME: 3:30 ☐AM ☑PM | FOLLOW UP PROVIDED BY: _Peter Kast_  TITLE: _Chief Psychologist_ |
|---|---|---|---|

SUMMARY OF THE FOLLOW UP PROVIDED TO THE COMPLAINANT:

As described above Ms Williams complaint is more related to the Respect Policy. Dr Kast reviewed her complaint w/ Dr Spacone who will provide Supervisory follow-up w/ Ms Johnson. Ms Williams will notify Dr Kast or appropriate supervisor if any further problems occurs.

| Reviewed by (sign): _____ | Date Reviewed: 3/21/13 |
|---|---|
| Title: _Chief Psychologist  WVPP Liaison_ | |

| If the incident is a privacy concern case, the complainant's name must be blocked out prior to distribution of copies. | Copies provided to: ☐ WVPP Liaison ☐ Employee ☐ Executive Director | If applicable: ☐ Personnel ☐ Safety Department ☐ Appropriate Supervisor ☐ Diversity Services |
|---|---|---|

2

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

17    CV 223

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lillie Williams
30 Marine Rd
Buff NY 14204   Erie

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Buffalo Psy Center
400 Forest Ave
Buffalo, NY 14213

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [X] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

Civil Rights
article 7

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Article VII Civil Rights Act of 1964 (Title VII)

Brief description of cause:
Disparity of Treatment, Singled out, Harassment, Hostile work environment

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

ADR - Mediator List
Pro Se Guidelines Given